THE STATE v. JOE JOHNSON, Appellant.—33 S. W. (2d) 912.

Division Two, December 20, 1930.

*Stratton Shartel*, Attorney-General, and *Walter E. Sloat*, Assistant Attorney-General, for respondent.

WHITE, J.—March 12, 1929, the defendant was found guilty, as charged in an information, of felonious assault with malice aforethought and with a deadly weapon with intent to kill. The verdict

of the jury assessed his punishment at twelve years' imprisonment in the penitentiary, and from the judgment rendered pursuant to the verdict he appealed.

The date of the offense is placed at December 12, 1928. Arch Doolin, a special officer for the Frisco Railroad Company, working in the Chouteau Avenue yards, was a police officer and private watchman; his duty was to prevent theft from yard cars and depredations in the Frisco yards. About ten o'clock P. M., he was standing near the yard-master's shanty or office in the yards, talking to Mr. Detwiler, car inspector. He saw the defendant Joe Johnson coming. He walked up to Johnson and asked him where he was going. Defendant did not answer. Then Doolin asked him his name and he said ''Joe Johnson.'' Doolin started to search him. Defendant threw up his hand with something in it which Doolin took to be a knife. Doolin grabbed his arm, and the defendant commenced firing. He fired three shots, one of which took effect, and Doolin sank to the ground. While on the ground he attempted to get at his pistol but was unable to do so on account of the pain, and in the meantime Johnson ran away. The witness said that Johnson commenced shooting when he grabbed him; that when he asked Johnson his name and where he was going he flashed his officer's badge and threw a flashlight in the defendant's face and saw he was a negro.

W. L. Detwiler corroborated the story of Doolin. Doolin was taken to the Frisco hospital. The bullet had entered his left side, penetrated the left lung and lodged under the right shoulder. The next day the defendant was arrested by officer Deneen. He first told Deneen that he had a 32-calibre automatic revolver and that he gave it to a boy named Elmer Jones to take from the railroad yards, attempting to make the officer believe that Elmer Jones did the shooting. Afterwards he admitted that he shot Doolin, took officers to where he had hidden the automatic and they recovered it. He said he shot Doolin because he didn't want to be arrested.

The defendant took the stand and gave a very confusing account of the incident, the purport of which was that the shooting was accidental; that he had had the pistol in pawn, it was wrapped in paper when he was accosted by Doolin, and he took it out of his pocket and held it up because he didn't want to be caught with a concealed weapon. He testified that the confession he made to the officers was because they forced him to make it by beating him. Those officers testified that Johnson's statement was entirely voluntary. Several complaints registered in the motion for new trial are so indefinite as not to require examination.

I. The only definite error assigned was the giving of instruction number three, drawn under Section 3262, Revised Statutes 1919,

which makes it a felony punishable by not less than two years in the penitentiary, to shoot at or stab one with malice aforethought with a deadly weapon or other means likely to produce death or great bodily harm with intent to kill, etc. It is called the "bloody section." It is urged by the defendant that the evidence did not warrant an instruction under that section, and that the court should have given an instruction under Section 3263, which does not contain the language "with malice aforethought" nor "with a deadly weapon," and permit a jail sentence or a fine. The instruction as given told the jury if they found the defendant guilty of intent to kill on purpose with malice aforethought they should assess his punishment at not less than two years' imprisonment.

All of the evidence offered by the State indicated malice aforethought. The defendant had a deadly weapon and used it, and confessed that he fired it in order to prevent arrest. He knew that Doolin was an officer attempting to find out what the defendant's business was about the railroad yards at that time of night. He shot deliberately with the presumed intent to kill.

The defendant offered no evidence which would bring the offense within the terms of Section 3263. His only defense was that the shooting was accidental, in which case he was entitled to an acquittal, and the jury was so instructed. Under Section 3692, where an offense charged is one consisting of different degrees, the jury may find the defendant guilty in a degree inferior to that charged. Although the defendant was charged under Section 3262, he might have been found guilty under Section 3263, if the evidence had warranted it. Where the evidence does not warrant it, as in this case, it is not error to refuse to instruct upon a lesser degree. [State v. Cruts, 231 S. W., l. c. 605; State v. Barton, 142 Mo. 450.]

II. In the closing argument the prosecutor, Mr. Flynn, said:

"I say, gentlemen of the jury, this man belongs in the state penitentiary and if you don't put him there you are not performing your duty."

The defendant objected. This remark was improper on the part of the prosecutor unless justified by the context. The court in ruling upon the objection said: "He means that he wants the jury, if they believe him guilty, to put him in the penitentiary." Of course under the instruction given the jury would be obliged to inflict a penitentiary sentence if they found him guilty. The judge then said: "A counsel can't express an opinion as to his guilt," and added: "The jury is not to be guided by the opinions of counsel on either side and are to be guided by testimony in the case." The court then on further

interruption by defendant's counsel said, "I have explained my ruling." We cannot get from this record any ruling on any objection of defendant or any request by defendant's counsel for a ruling on the remarks of State's counsel. Defendant's counsel did not ask that the prosecutor be reprimanded or that the jury be discharged, or instructed to disregard the remarks of the prosecutor. The court cannot be convicted of error where no ruling was asked or made.

The judgment is affirmed. All concur.