**STATE v. HARMON.**

No. 43974.

Supreme Court of Missouri.
Division No. 2.

Feb. 8, 1954.

John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.

WESTHUES, Commissioner.

On October 17, 1952, in the Circuit Court of Washington County, Missouri, Herbert Harmon was convicted of grand larceny and sentenced to serve two years' imprisonment in the State Penitentiary. An appeal was granted to this court.

No brief was filed in this court on behalf of appellant so we look to the motion for new trial for assignments of error. In this motion, appellant questioned the

sufficiency of the evidence to support the verdict. He also complained of the exclusion of evidence by the trial court and the giving of two instructions, and alleged misconduct of counsel for the State in the argument of the case to the jury.

■ The State's evidence justifies the following statement: On June 3, 1952, appellant transported eight hogs to a stock sale at Caledonia, Missouri, where the hogs were purchased by Dick Fletcher who in turn took the hogs to his farm. The ownership of these eight hogs was claimed by Edward Christopher, a neighbor of appellant. Christopher testified he owned about fourteen hogs; that he saw them on June 1; that eight of them were missing on June 2; that on the morning of June 3 he saw appellant pass his place in a truck and that he noticed the missing hogs were in the truck. The hogs were traced to the Fletcher place where Christopher identified the hogs as being his property. A number of witnesses testified that the hogs in question belonged to Christopher. The defendant testified that he trucked the hogs to the sale but thought they belonged to him; that he was a dealer in stock and bought and sold many hogs; that he did not intentionally take any hogs to the sale except his own. The evidence disclosed that in that part of Washington County the stock, including hogs, roam at large; in other words, it is "open range" country. It is evident that there was substantial evidence to support the verdict of the jury.

Appellant in his motion for new trial says the trial court erred in giving instructions Nos. 1 and 2, because the instructions did not take into consideration the intent of the defendant "nor did it take into consideration the theory of plaintiff's case or the defendants." The theory of the defendant-appellant was that the hogs were taken by mistake, that is, appellant thought the hogs belonged to him.

Instruction No. 1, in substance, required the jury, in order to convict, to find that Herbert Harmon did on or about June 3, 1952, unlawfully, willfully, and feloniously take, steal, and carry away one or more of

the eight hogs, the property of Christopher, with the intent to convert the same to his own use.

■ Instruction No. 2, mentioned in the assignment of error, was an instruction on the presumption of innocence and burden of proof. Appellant's specification of error has no application to this instruction.

The court did give two instructions at defendant's request which directly presented his theory of the case. These instructions read as follows:

"Instruction No. 5

"The Court instructs the jury that before you find defendant guilty you must find that he did not take these hogs by mistake."

"Instruction No. 6

"The Court instructs the jury that if you believe and find from the evidence that the defendant took the hogs believing them to be his you shall find the defendant not guilty."

■ The instructions read together submitted to the jury the only defense presented by the defendant and we rule the assignment of error to be without merit.

■ Appellant assigned error in admitting illegal testimony in that the State attempted to prove that appellant's reputation was bad. The record shows that a witness was asked if he knew of the appellant's reputation. An objection was sustained and the witness did not answer the question. The trial court ruled properly because appellant had not placed his reputation in issue.

■ Appellant's next complaint is that the court erred in not permitting him to show by witnesses, Fred Crow, Estoria Crow, Mrs. Fred Crow, and John Mercer, that Christopher had on a previous occasion made errors in the identification of livestock. The record does not show that any of the persons named were called as witnesses nor was there an offer made that

these named persons would so testify. Since the matter complained of was not presented to the trial court, it cannot be made the basis of a question for review on appeal.

With reference to appellant's complaint about the argument of counsel for the State, the record shows that the arguments were not taken by the court reporter. Only two incidents appear in the record. The first appears therein as follows:

"Mr. Roberts: I wish to object to this argument. The prosecutor is putting pressure on the jury to protect the property of the citizens. I would like to have the exact statement he made in the record. You can't make that statement. It is highly prejudicial and reversible error.

"The Court: I don't know what statement you are saying he made. What is the statement you are objecting to?

\*    \*    \*    \*    \*    \*

"Mr. Roberts: I don't remember the exact words.

"The Court: Not being able to make a statement of what was said, the objection will be overruled; not being able to state to what he is objecting, the objection is overruled. Go ahead, stay within the record."

Later the following occurred:

"Mr. Banta: \* \* \* There isn't anybody who has questioned the ownership of Ed Christopher to these hogs.

"Mr. Roberts: I object to that statement. That is not in evidence. There is no evidence to that effect.

"Mr. Banta: That is just what I said. There has been no evidence that questioned the ownership of Ed Christopher to these hogs."

Certainly, the record as presented does not show any misconduct on the part of the attorney for the State. A prose-

cutor has the right to ask juries to enforce the law pertaining to theft and larceny so that the property of the citizens may be protected. As to the second statement, the State's attorney was within his rights when he commented on the fact that no evidence was produced questioning the ownership of Christopher to the hogs in question. The record supported the argument.

We have examined the record proper and find no errors appearing therein.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by WESTHUES, C., is adopted as the opinion of the Court.

All concur.