**STATE of Missouri, Respondent,**

v.

**Vernon Eugene GEE, Appellant.**

**No. 44518.**

Supreme Court of Missouri.

Division No. 1.

June 13, 1955.

R. B. Kirwan, Kansas City, for appellant.

John M. Dalton, Atty. Gen., Richard R. Nacy, Jr., Sp. Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Defendant (appellant), Vernon Eugene Gee, was found guilty of forcible rape and his punishment assessed by the jury at two years' imprisonment in the penitentiary. From the ensuing judgment and sentence he has appealed.

Prosecutrix, 37 years of age, was employed as a nurse at St. Mary's Hospital in Kansas City, Missouri. On April 25, 1953, she worked from 3 p. m. until 11 p. m. Upon being relieved from duty she immediately started for her home at 2744 Lister in Kansas City. At about 11:40 p. m., she got off the bus at 27th and Lister and began walking to her home. She had gone only a short distance when a car came alongside. Two young Negro men jumped out and grabbed her. A third man, the driver, remained in the car. Threatening her with an open knife, they took her purse and when she screamed and struggled to get away, one of them struck her in the mouth. They then pushed her into the back seat of the car and, after placing a blindfold on her, started the

car and drove for 10 or 12 minutes. According to the testimony of prosecutrix they then stopped the car, tore off her underclothing, and each proceeded to have intercourse with her, one of them twice. She also indicated that they forced her to commit a crime against nature with them.

At about 2:30 a. m., they drove back to a point near where prosecutrix was seized and put her out of the car. She reached her home and called the police. They found her in a highly nervous condition, crying and suffering from shock. The police took prosecutrix to the General Hospital where she was treated and examined by Dr. Haskell Downs. He found a bruise on one breast and evidence of recent intercourse. Spermatozoa were found in the vaginal fluid and portions of the skin had been rubbed off the inside of each thigh.

Prosecutrix was blindfolded much of the time she was with the three men but she stated that she did have several opportunities to see them clearly, as well as the car in which the events occurred. About May 10, 1953, she was called to police headquarters to view a show-up of five suspects. She positively identified defendant as one of the three men. Also, a black Kaiser car belonging to defendant's aunt was identified as the automobile used on the occasion. It was admitted that defendant sometimes borrowed this car.

The defendant presented testimony tending to establish an alibi. His evidence was to the effect that he had a date with Ora Jean Carr and was with her and another couple from 9 p. m. until 3 a. m. They tried to get tickets to the midnight showing of "Wild Oats" at the Castle Theater but it was sold out. Defendant then drove the group to a night spot on Highway 40 where they drank beer and danced until 3 a. m. Defendant said he was driving a "Henry J." that he had borrowed from his father.

Defendant has filed no brief in this court. We will therefore examine the assignments of error in his motion for a new trial.

His first complaint relates to Instructions 1 and 2. Each of these instructions begin with the requirement that the jury find from the evidence "beyond a reasonable doubt," etc. Defendant contends that the use of this phrase in the preliminary part of the instructions was apt to cause the jury to believe that it only applies to the first fact hypothesized and not to the entire instruction. We do not think the instructions are subject to that construction. Apparently, defendant contends that the phrase, "beyond a reasonable doubt," should be repeated as to each separate fact required to be found in the instructions. Certainly this is not necessary in order for the jury to understand that the burden is upon the State to prove the guilt of defendant "beyond a reasonable doubt." This is particularly true when we consider that the court, in another instruction, told the jury that the defendant was presumed to be innocent and that he was entitled to an acquittal unless the evidence satisfied the jury of his guilt "beyond a reasonable doubt." State v. Arnett, Mo.Sup., 210 S.W. 82; State v. Ross, Mo.Sup., 300 S.W. 785, 786.

Next, defendant contends there was no proof that the offense was committed in Jackson County, Missouri. The following appears in the testimony of prosecutrix: "Q. These acts occurred in Jackson County, Missouri? A. Yes, sir." It is obvious that there is no merit in this assignment.

The third assignment in the motion is that the verdict of the jury was the result of bias and prejudice against the defendant. This contention is too general and preserves nothing for review. Nevertheless, we have carefully examined the transcript and find no trial incident that would be calculated to arouse prejudice. There was ample evidence presented by the State which, if believed, would justify a verdict of guilty. Likewise, there was evidence on behalf of defendant that would clearly authorize an acquittal. The jury chose to believe the witnesses for the State. The minimum penalty was assessed. It is evident that there is nothing in this record to indicate any prejudice against the defendant.

■ Complaint is made of the closing argument of the prosecuting attorney in referring to defendant's witnesses as "Wild Oats Willies and Wilmas." This apparently referred to the fact that most of these witnesses had sought to attend the show, "Wild Oats," on the night in question. The record indicates that no objection was made to this argument and, therefore, we cannot consider this alleged error. Defendant did make a general objection to the argument of the prosecuting attorney describing his witnesses as "petty larcenists," which was overruled. He now contends this was error.

■ One of the witnesses for defendant was impeached by showing that he had been convicted of petit larceny and sentenced to 30 days in jail. It was permissible for this to be referred to in the argument. The prosecuting attorney was technically incorrect in using the plural, "larcenists." Later in the argument another similar reference was made and upon objection the prosecuting attorney corrected the mistake and used the correct phrase, "Are you going to listen to a petty larcenist?" We are convinced that the discrepancy complained of was not prejudicial.

■ The final assignment in the motion is in the nature of a request for a new trial because of newly discovered evidence. To comply with the requirements for consideration of this assignment, the defendant must present affidavits showing, "(1) that the evidence has come to the knowledge of the defendant since the trial, and (2) that it was not owing to his want of due diligence that he did not discover it sooner, and, (3) that the evidence is so material that it would probably produce a different result on a new trial, and (4) that it is not cumulative only or merely impeaching the credit of the witness." State v. Stroud, 362 Mo. 124, 240 S.W.2d 111, 113. Defendant has utterly failed to meet these requirements. No affidavit was filed. Moreover, it appears on the face of the motion that he simply desires to use certain evidence given at the preliminary hearing to contradict the testimony of prosecutrix at the trial. This does not constitute newly discovered evidence.

It was known to defendant at the time of trial and could have been used if he had desired to do so.

We have examined the record in regard to matters not required to be preserved in the motion for new trial and find no error. The information properly charges the defendant with the offense of rape by use of force. Section 559.260 RSMo 1949, V.A. M.S. The verdict is in proper form and responsive to the issues. Defendant was granted allocution. The sentence and judgment are in accord with the verdict.

The judgment is affirmed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.