STATE of Missouri, Respondent,

v.

Willie Edward SWINEY, Appellant.

No. 45290.

Supreme Court of Missouri.

Division No. 2.

Dec. 10, 1956.

Morris A. Shenker, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Richard R. Nacy, Jr., Asst. Atty. Gen., for respondent.

STORCKMAN, Judge.

Defendant was convicted in the Circuit Court of the City of St. Louis of an assault with intent to rob without malice aforethought. His motion for a new trial was overruled and defendant was sentenced to a term of two years in the penitentiary in accordance with the verdict.

Defendant appealed but the state alone filed a brief in this court. Where, as here, no brief is filed on behalf of the appellant, this court will review the assignments of error properly preserved in the motion for new trial and shown in the record. State v. Harmon, Mo., 264 S.W.2d 309; State v. McCormack, Mo., 263 S.W. 2d 344.

The information charges that the defendant on February 22, 1955, in the City of St. Louis, with force and arms, unlawfully, feloniously, wilfully, on purpose and of his malice aforethought, made an assault upon James France by means of a knife with the felonious intent to rob, steal and carry away the money and property of James France. This, with the other allegations of the information, sufficiently charges the commission of the crime of assault with intent to rob with malice aforethought. Section 559.180 RSMo 1949, V.A. M.S.; State v. Finnell, Mo., 280 S.W.2d 110; State v. Broyles, 317 Mo. 276, 295 S.W. 554; Supreme Court Rule 24.11, 42 .V.A.M.S.; §§ 545.030 and 545.290.

The crime of assault with intent to rob without malice aforethought is a lesser offense embraced within the charge of the information and the information therefore sufficiently charges the crime of which defendant was convicted. State v. Finnell, supra; §§ 559.190 and 556.230.

Defendant's motion for new trial challenges the sufficiency of the evidence to sustain the conviction. The state's evidence tended to prove that on February 22, 1955, at about 2:30 a.m., the prosecuting witness, James France, 71 years of age, left the Roma Cocktail Room, a tavern on Finney near Vandeventer in St. Louis, to go to a restaurant. He had had about three highballs during the evening, but was not drunk. He walked south on the west side

of Vandeventer Avenue. He looked in at the Canton Cafe, but passed on because it was crowded, intending to go to "Julia's Place." As he approached an alley opening into the west side of Vandeventer between Fairfax and West Belle he saw three young men standing in the alley. One of them, identified as the defendant, rushed at France saying, "Give me your money. God damn you, give me all of it," or words to that effect. The other two took no part in the affray. France rushed out into Vandeventer trying to get away and fighting back at the defendant as he did so. France did not see defendant's knife, but felt defendant's hand in his coat pocket. He jumped away and as he did so felt "something cold" in his left side. At this point police arrived in an automobile patrol and arrested defendant at the scene. His knife was found in the alley where he had thrown it.

In his testimony defendant admitted an encounter with France, that he owned the knife in evidence, and that he had stabbed France with it, but denied that he attempted to rob France. The defendant claimed that France, in a drunken condition, approached him where he was standing on the sidewalk, accused him of taking his money and then struck defendant on the jaw or chin with his fist. Defendant claimed that France took or was taking a spring-back knife from his pocket. Defendant's testimony is not clear on this point. The defendant asserts he stabbed France in self-defense. Defendant was 22 years old and had been convicted of petit larceny but not of any felony.

■ In reviewing the sufficiency of the evidence we must accept as true the state's evidence and take into consideration all favorable inference that may reasonably be drawn therefrom. State v. Lord, Mo., 286 S.W.2d 737. The evidence outlined, together with the other evidence in the case, is sufficient to sustain the conviction. State v. Finnell, supra.

■ Over defendant's objection the trial court admitted in evidence State's Exhibits 1 and 2 which were the torn and blood-stained coat and trousers worn by France at the time of the assault. France did not see defendant's knife before he was stabbed and these exhibits were material as tending to establish the weapon used and the manner of the assault. 22 C.J.S., Criminal Law, § 713 a, p. 1212; State v. Shawley, 334 Mo. 352, 67 S.W.2d 74, 83 [14]. The exhibits were properly admitted.

■ Next defendant asserts that "The Court erred in stating in the presence of the jury, respecting the alleged drunkenness of the prosecuting witness, 'that constitutes no defense in this case,' * * *.". By reason thereof defendant says the court commented on the evidence, prevented defendant from attacking the credibility of the prosecuting witness, and orally instructed the jury. Defendant is mistaken as to the context of the statement. The transcript shows only one occasion when the trial court made such a remark. This was in connection with the sustention of an objection by the state to defendant's cross-examination of Police Officer Bauer. The question asked was, "Now, do you recall what the regular closing hour was for taverns in that neighborhood at that time, February 22d?" We find no error as alleged by defendant nor in the ruling as it appears in the record. Whether the tavern was open lawfully or not would have no bearing on the state of France's intoxication. Furthermore, this subject was otherwise fully explored by defendant and the ability of the prosecuting witness to recall and narrate correctly was attacked on that ground. Nor was there any prejudicial error in the trial court's refusing defendant's offer of proof or denying defendant's motion for a mistrial.

■ The remaining specifications of the motion for new trial relate to instructions to the jury. Defendant requested the giving of his instruction "A" reading as follows: "The Court instructs the jury that the information contains the formal statement of the charge, but it is not to be taken

as any evidence of defendant's guilt." This is a cautionary instruction of which the refusing or giving was within the trial court's discretion. State v. Rudman, 327 Mo. 260, 37 S.W.2d 409; State v. Creighton, 330 Mo. 1176, 52 S.W.2d 556. No abuse of discretion appears and the claim of error is denied. The jury was adequately instructed on presumption of innocence and that guilt must be proven beyond a reasonable doubt.

■ The defendant asserts that the Court erred in failing to instruct the jury on the law of common assault, the law of accident, and as to the bad character of the prosecuting witness as being a sober and law-abiding citizen. The transcript does not show any request for an instruction with respect to the character of the prosecuting witness. Defendant did not submit instructions in writing with respect to common assault and accident. Defendant's counsel replied in the negative when asked by the court "whether he has any instruction to submit or offer to the Court in lieu of instructions 2, 6 and 7 which were requested by the defendant." In these circumstances the trial court did not err in failing to prepare and give such instructions of its own motion. State v. Wood, Mo., 266 S.W.2d 632, 637 [7–9]. Moreover, the evidence did not warrant the giving of instructions on the subject matters requested as a part of the law of the case.

■ In his motion for new trial defendant contends that each and every instruction given and read to the jury was erroneous. Of these instructions, No. 2 dealt with the credibility of witnesses, No. 6 with assault with intent to rob without malice aforethought, and No. 7 with self-defense. The record shows that all three of these instructions were requested by the defendant. The record controls and the defendant, having requested the instructions, is in no position to charge error with respect to them. Supreme Court Rule 26.-06; § 545.030 Subdivision 1(16); State v. Clark, Mo., 277 S.W.2d 593, 601 [9].

■ Instruction No. 4 is as follows: "The term 'malice', as above used, does not mean spite or ill will, as that term is commonly used, but signifies a state of mind or disposition which would prompt one person to do great bodily harm to another without just cause or excuse. The term 'afore-thought' means thought of beforehand for any length of time, however short."

■ The first claim of error leveled against the instruction is that it "improperly defined the term 'malice.'" This adds nothing to the general allegation of error since the entire purpose of the instruction is to define terms. This allegation is too general and preserves nothing for review. Supreme Court Rule 27.20; State v. Gee, Mo., 280 S.W.2d 14, 16 [3].

■ Next defendant charges that "the instruction [No. 4] was confusing and misleading in referring to 'great bodily harm' in that the jury could infer 'malice' because some bodily harm had been done the prosecuting witness." The contention is farfetched and without merit. The statute itself uses the term "great bodily harm," §§ 559.180 and 559.190. That is sufficient justification for its use.

■ The last instruction attacked by the defendant is No. 5, which submits the charge of assault with intent to rob *with* malice aforethought. § 559.180. The jury found the defendant guilty of assault with intent to rob *without* malice aforethought, § 559.190, which charge was submitted to the jury by Instruction No. 6. It follows that defendant was not prejudiced by Instruction No. 5 and we need not consider the merits of the alleged errors. State v. Preston, Mo., 184 S.W.2d 1015, 1017 [8]; Supreme Court Rule 26.06; § 545.030, subd. 1(18).

■ We have examined the record in regard to matters not required to be preserved in the motion for new trial and find no error. We have considered the information and found it sufficient. The ver-

dict is in proper form and responsive to the issues. Defendant was granted allocution. The sentence and judgment are in accord with the verdict.

Accordingly, the judgment is affirmed.

EAGER, P. J., and JAMES W. BROAD-DUS, Special Judge, concur.

LEEDY, J., not sitting.