**STATE of Missouri, Respondent,**

v.

**Henry Ray PARKS, Appellant.**

No. 47550.

Supreme Court of Missouri,

Division No. 2.

Feb. 8, 1960.

Hale W. Brown, Kirkwood, for appellant.

John M. Dalton, Atty. Gen., J. Burleigh Arnold, Asst. Atty. Gen., for respondent.

STORCKMAN, Judge.

The defendant was convicted of burglary in the second degree and his punishment

assessed at two years in the penitentiary. After his motion for a new trial was over-ruled, the defendant was granted allocution and sentenced in accordance with the verdict. By this appeal he seeks a review of his judgment of conviction.

■ The state has filed an appellate brief but the defendant has not. In this situation the Supreme Court will review the assignments of error properly preserved in the motion for new trial. State v. Ronimous, Mo., 319 S.W.2d 565, 566 [1]; State v. Harmon, Mo., 264 S.W.2d 309 [1].

■ The first allegation of error in defendant's motion for new trial is that the information is incomplete, states no charge against the defendant, and is a nullity for the reason that "it did not negate the facts as required by Statute, that any property or money was taken without the consent of the owner." The information undertook to charge burglary in the second degree and stealing. It stated that the defendant "did then and there wilfully, feloniously and burglariously break into and enter a certain building owned by Bill Jaques, said building located on Pine Street in Rolla, Missouri, but in said building there was at the time no human beings but in which there was kept and deposited certain goods, wares and valuable personal property of Pryor Harvey, with the intent" to steal the said property, which was further specified as lawful money of the United States in the sum of $66.10. The information also charges the stealing of the money, but the jury found the defendant not guilty of the offense of stealing. Hence, we need not consider that portion of the information or any part of the assignment of error pertaining to the charge of stealing.

■ Our examination of the information discloses that it embodies every element of the offense of second degree burglary sought to be charged as defined by the statute and is therefore sufficient in form and substance. Section 560.070, RSMo 1949, V.A.M.S.; State v. Ruyle, Mo., 318 S.W.2d 218, 221 [6]; State v. Ruffin, Mo., 286 S.W.2d 743, 746 [3]; State v. Kelly, Mo., 258 S.W.2d 611, 612 [5].

■ The second specification of the motion for new trial is that the court erred "in giving the instructions which it gave, and all of them." This assignment of error does not set forth in detail and with particularity a specific ground for a new trial and is therefore wholly insufficient to preserve anything for review. S.Ct. Rule 27.-20, 42 V.A.M.S.; Section 547.030, RSMo 1949, V.A.M.S.; State v. Ronimous, Mo., 319 S.W.2d 565, 567 [3]; State v. Whitaker, Mo., 312 S.W.2d 34, 37 [4].

The final assignment of error is that the court erred in permitting the state during the trial to endorse the name of an additional witness on the information and in failing to declare a mistrial. The defendant objected to the court's permitting the witness to testify after the omission was discovered and moved for a mistrial after the testimony had been completed. The court later struck out the testimony and instructed the jury to disregard it.

The state had proved by Mr. Harvey that there was in excess of $60 in the cash register at the close of business on the night of the burglary. William A. Haley, a police officer of the City of Rolla, had testified that he knew the defendant Henry Parks and on the night in question saw him walking in the vicinity of Mr. Harvey's restaurant. A few minutes later the officer heard noises and went to the rear of the restaurant building where he saw the defendant lunge against the rear door and forcibly break it open and enter the restaurant. When Officer Haley went into the restaurant, he found the defendant hiding under a table and placed him under arrest. The officer found paper money in the approximate sum of $45 on the floor under the table where the defendant had been hiding.

The testimony of Albert Light, another police officer, is the basis of the claim of error. This officer testified that he was

called to Harvey's Restaurant where he found the defendant handcuffed. At this point it was discovered that the officer's name was not endorsed on the information and objection was made to his testifying. The defendant asserted that he did not know that the officer was going to be offered as a witness, and that to permit him to testify would impose an undue hardship on the defendant in that it would deprive him of his right of pretrial investigation. The defendant admitted that he had not taken the deposition of any state's witness. The objection was overruled and Officer Light further testified that he took the defedant to the city jail where the defendant told the officer that he had broken into Harvey's Restaurant. The officer took "twenty some dollars in silver" from the defendant, and the defendant told the officer he had taken the money from the cash register at Harvey's and that the other money was under the table where Officer Haley had found the defendant. The defendant did not cross-examine and the witness was excused. Thereafter, out of the hearing of the jury, the defendant moved for a mistrial for the reasons previously assigned and further for the reason that the testimony of the witness was very damaging in that it was not just corroborating testimony but purported to be a confession. The request for a mistrial was denied but thereafter the court, out of the presence of the jury, informed defendant's counsel that the court was going to strike from the record the testimony of Officer Light and inquired whether the defendant desired to offer any testimony. The defendant declined to offer testimony and again moved for a mistrial on the further ground that it would be impossible to strike from the minds of the jurors testimony which was "so prejudicial and inflammatory as to deprive the defendant of a fair and impartial trial by jury." The court then instructed the jury to disregard entirely the testimony of the witness Light and to consider only the testimony of Mr. Harvey and Officer Haley in arriving at their verdict.

■ Our statutes provide that the names of all the material witnesses must be endorsed upon an indictment or information. Sections 545.070 and 545.240. There is no constitutional provision requiring such endorsement. It has been held uniformly that a judgment of conviction will not be reversed because the name of a witness was endorsed on the information during the trial unless it is shown that the defendant was prejudiced. State v. Lindsey, Mo., 80 S.W.2d 123, 126 [8]; State v. Baker, 318 Mo. 542, 300 S.W. 699, 701 [2]; State v. Julin, 292 Mo. 264, 235 S.W. 818, 820 [4].

The testimony of Officer Light corroborated Officer Haley as to the breaking and entering and to some extent in regard to the total amount of money taken from the cash register. However, it is not necessary for us to determine if error would have resulted without the corrective measures promptly taken by the court.

■ The trial court is vested with a broad discretion in determining if a mistrial should be declared in the circumstances shown by this record and the appellate court will not convict it of error absent a showing of an abuse of such discretion. State v. Ruyle, Mo., 318 S.W.2d 218, 220 [2]. In view of the court's striking all of the testimony of Officer Light and instructing the jury to disregard it, and the further fact that the defendant was found not guilty on the stealing charge to which the testimony primarily related, it is quite evident that the defendant was not prejudiced. In a somewhat similar case, State v. Carson, Mo., 286 S.W.2d 750, 753, this court stated, "it does not appear that the court erred in permitting the endorsement in this case or that the appellant's right to a fair trial was infringed or that he is now in any position to complain of the fact." See also State v. Lindsey, State v. Baker, and State v. Julin, supra.

■ The grounds of error properly preserved in the motion for new trial are without merit. Further we have examined

the record and entries designated in Rule 28.08 and find them to be in proper form and free of error. State v. Garrison, Mo., 305 S.W.2d 447, 449.

Accordingly the judgment is affirmed.

All concur.