**STATE of Missouri, Respondent,**

v.

**Lawrence Eugene LANE, Appellant.**

**No. 36687.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 6, 1976.

Motion for Rehearing or Transfer
Denied May 17, 1976.

Application to Transfer Denied
July 12, 1976.

James C. Jones, Asst. Public Defender, St. Louis, for appellant.

Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

The State charged defendant with felonious assault (§ 559.180, RSMo 1969), contending he shot and tried to rob Charles Clark, a karate expert, who thwarted the robbery by felling and disarming defendant. Defendant, a pimp, maintained he shot Clark in self-defense in an argument over a prostitute's fee.

The jury found defendant guilty of assault with intent to rob, with malice aforethought. The court fixed defendant's punishment at twenty years' imprisonment; he appeals, contending error (1) in refusing his instruction on the lesser included offense of assault without malice, (2) allowing the victim to display his wounds and (3) admitting testimony that defendant, while hospitalized, did not respond to questions. These in turn.

The court instructed the jury on the felonious offense of assault with malice aforethought. § 559.180, RSMo 1969; MAI–CR 6.22. The court also instructed the jury on self-defense (MAI–CR 2.40) but refused to give defendant's instruction on the graded felony of assault without malice. § 559.190, RSMo 1969; MAI–CR 6.24. Each of the two offenses included the elements of assault and felonious intent. The greater of-

fense also requires evidence the assault was "with malice aforethought—that is, intentionally and without just cause of excuse, and after thinking about it beforehand . . ." (MAI–CR 6.22). As said in *State v. Webb*, 518 S.W.2d 317[3] (Mo.App.1975): "Many decisions of our courts have stated that the essential ingredient of § 559.180 is 'malice aforethought', and that the existence of malice aforethought is the basic distinction between §§ 559.180 and 559.190."

Defendant contends the trial court erred in refusing to instruct on assault without malice. This calls for a statement of evidence by the state and by the defendant.

The victim, Charles Clark, testified: On the night in question he was "tavern hopping," looking for another bar, when Clark asked defendant for directions. They walked along a dark street together and suddenly defendant drew a pistol and demanded Clark's money. Defendant shot Clark when he made a sudden movement. They struggled, defendant shot Clark again, but Clark wrested the pistol from defendant and hit him with it. Police stopped the fray and took both men to a hospital.

According to defendant, Clark stopped him and said he "wanted a girl." Defendant said he had one available nearby but they argued about the cost. As defendant was walking away Clark called to him and said, "I'm a karate expert and I'm going to beat your ass." Clark then went into a "karate stance" and started towards defendant. Defendant drew his pistol and as Clark grabbed his wrist defendant fired to protect himself. Clark then threw the defendant to the ground and defendant fired once more as Clark jumped on top of him. Clark got the pistol away from defendant and struck him with it.

■ We look to this evidence in resolving defendant's contention the trial court should also have instructed the jury on assault without malice. That instruction must be given if—but only if—supported by the evidence. *State v. Webb*, 518 S.W.2d 317[4] (Mo.App.1975); *State v. Hyster*, 504 S.W.2d 90[2] (Mo.1974).

■ To support his right to an instruction on assault without malice defendant relies on *State v. Swiney*, 296 S.W.2d 112 (Mo.1956). In that case, as here, the State's evidence showed defendant assaulted the victim with a deadly weapon in an attempt to rob him, and defendant claimed self-defense. The trial court dually instructed on assault, both with and without malice. The jury found defendant guilty of the lesser offense. On this appeal defendant contends that in *Swiney* "there was no evidence to support his conviction on the lesser charge." We do not so read *Swiney*. There, at l. c. 116[16], defendant's objection to submitting the *greater* offense was held unprejudicial and was denied since he was convicted only of the *lesser* offense. *Swiney* is inapposite.

More pertinent here is *State v. Webb*, 518 S.W.2d 317 (Mo.App.1975). There, defendant shot at a police officer attempting to question him. We pointed out that an assault with a deadly weapon was presumptively malicious. The trial court instructed on assault with malice and also on mistake. On appeal we denied defendant's contention that since there was evidence to warrant an accident instruction he was entitled to an instruction on the lesser offense of assault without malice, saying at l. c. 321: "We disagree. Under the facts of this case defendant was either guilty of assault with malice or he was entitled to an acquittal because the assault was excusable. *State v. Johnson*, 326 Mo. 1030, 33 S.W.2d 912, 913 (1930)." [1] That is true here. Defendant was either guilty of assault with malice or he was not guilty at all because of self-defense. There was no evidentiary basis for an instruction on assault without malice. To the same effect, see *State v. Washington*, 357 S.W.2d 92[6–8] (Mo.1962).

■ For his second point defendant challenges the trial court's ruling permit-

---

1. In *Johnson* the defense was accident and an instruction on assault without malice was properly denied.

ting Clark to display the two abdominal gunshot wounds defendant had inflicted. The record gives no indication the display was inflammatory and the wounds were relevant to the State's charge of malicious assault. The State should not be unduly limited in the quantum of its proof. *State v. Spica*, 389 S.W.2d 35[35–37] (Mo.1966). The admission of demonstrative evidence rests largely in the trial court's discretion and we find no abuse of that discretion. *State v. Moore*, 303 S.W.2d 60[1] (Mo.1957).

■ Defendant's last point challenges the State's evidence taken from a hospital record that the defendant "was not responsive to questions." He now contends this violated his right against self-incrimination. When the question to and answer by a hospital record clerk came in there was neither objection nor motion to strike. Later, on cross examination concerning defendant's admission to the hospital:

"Q. Did you tell them what happened out there on the street?

A. No, I did not.

Q. So, the medical records were correct when they say, 'the patient did not tell what happened to him'—

MR. MARSHALL: I object to that.

THE WITNESS: I made no statement to anyone at the hospital.

THE COURT: Let the record show that there is nothing before the Court. The witness has answered and in spite of the fact you objected—"

Again, there was neither a timely objection nor motion to strike. Rule 78.09 requires counsel desiring an evidentiary ruling to *then* make known to the court just what action he desires the court to take and his *grounds* therefore. Since the objection was neither timely (*Durbin v. Cassalo*, 321 S.W.2d 23[4, 5] (Mo.App.1959), nor stated grounds (*Crabtree v. Reed*, 494 S.W.2d 42[3–4] (Mo.1973), nothing is preserved for appellate review.

Judgment affirmed.

DOWD and STEWART, JJ., concur.