**STATE of Missouri, Plaintiff–Respondent,**

v.

**James BLACK, Defendant–Appellant.**

**No. 53205.**

Missouri Court of Appeals, Eastern District, Division One.

April 12, 1988.

Tim Wynes, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was found guilty by a jury of second-degree assault and sentenced to a term of three years' imprisonment. He appeals; we affirm.

Defendant was charged with first-degree assault in an information that alleged he "knowingly caused serious physical injury to Louis Thomas Drago by stabbing [him]." Because defendant does not challenge the sufficiency of the evidence to convict him, we recite only the facts relevant to his point on appeal. The evidence was that on December 30, 1984, the victim accompanied friends to Sally's Place, a bar in Arnold, Missouri. The tavern was crowded and Drago apparently bumped into defendant. Later, as Drago and his companions were seated in a back room, defendant entered, yelling and cursing at Drago. Drago left the table and walked from the room toward the bar with defendant following him. As Drago reached the bar, defendant stabbed him repeatedly. Drago was taken to a hospital suffering from multiple knife wounds.

During his testimony, Drago was permitted to display the scars of his injuries to

the jury. Defendant objected, offering to stipulate "that there were three actual cuts as in the doctor's reports" and arguing "the scars that he would have now would not be accurate representations of the actual wounds that he received...." The court overruled the objection to the display. The trial transcript indicates Drago then stepped to the front of the jury box, apparently removed his shirt, and pointed out where he received seven wounds and "where they put the hose in for my lungs."

Dr. Russell Kraeger, a thoracic and cardiovascular surgeon, testified he was called to the hospital emergency room to treat Drago. He said Drago had suffered "three major wounds" and "a few superficial injuries" and had lost at least five pints of blood. An emergency room physician sutured some of the superficial wounds, and Dr. Kraeger treated the major wounds which were in Drago's left anterior chest, right anterior chest, and left posterior chest under the shoulder blade. Complications developed about eight hours later: Drago experienced a drop in blood pressure and his left lung partially collapsed. He was taken to the operating room where Dr. Kraeger opened the back wound, stopped the bleeding, inserted a tube into the chest cavity to enable the collapsed lung to expand, and closed the wound. Dr. Kraeger testified the scars on Drago's front and side would be indicative of the actual wounds he suffered. He said the scar on Drago's back would be larger than the actual wound because the incision there had to be surgically extended to stop the bleeding and insert the chest tube.

Defendant testified Drago initiated the encounter by punching him in the nose. Defendant struck back with his fist, and Drago reached for his pocket. Defendant said "I thought I was going to get shot [so] I knifed him three or four times." The court submitted instructions on first-degree, second-degree, and third-degree assault and self-defense.

On appeal, defendant alleges the trial court erred in allowing the victim "to demonstrate his injuries before the jury ... because any probative value the demonstration may have had was far outweighed by its prejudicial effect, since it was irrele-

vant to any material issue and was cumulative and unduly inflammatory."

■ The admission of demonstrative evidence rests largely in the discretion of the trial court. *State v. Lane,* 537 S.W.2d 569, 571 (Mo.App.1976). "It is error to admit evidence of an inflammatory nature if it does not reasonably tend to prove or disprove a disputed fact issue." *State v. Mucie,* 448 S.W.2d 879, 887 (Mo.), *cert. denied* 398 U.S. 938, 90 S.Ct. 1842, 26 L.Ed.2d 271 (1970). Demonstrative evidence is admissible if it " 'establish[es] *any* fact at issue or ... tend[s] to throw light on the controversy and aid the jury in *any* way in arriving at a correct verdict....' " *State v. Martin,* 530 S.W.2d 447, 450 (Mo.App.1975) (emphasis in original) *quoting State v. Long,* 336 Mo. 630, 80 S.W.2d 154, 160 (1935). The fact that demonstrative evidence corroborates testimonial evidence is sufficient reason to admit it. *Martin,* 530 S.W.2d at 450. The admission of other evidence "will not prohibit use of demonstrative evidence which has probative value in establishing conditions and corroboration of witnesses on the issues of the case...." *Mucie,* 448 S.W.2d at 887.

■ Defendant was charged with first-degree assault, § 565.050, and the jury was instructed on that offense. Section 565.-050(1), RSMo 1986, provides: "A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." "Serious physical injury" is defined as a "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body...." § 556.061(26), RSMo 1986. "Serious physical injury" was defined in the first-degree assault verdict directing instruction. We believe the display of the victim's scars to the jury was proper to demonstrate the extent of his injuries and to corroborate the testimony of Dr. Kraeger. Moreover, the scars provided real evidence of the resultant disfigurement. *See State v. Williams,* 740 S.W.2d 244, 246 (Mo.App.1987).

■ Defendant argues the scars were not an accurate representation of the vic-

tim's injuries because "incisions made during surgery account for some of the scars, so that the original wounds and surgical extensions are practically indiscernible." Dr. Kraeger testified only one of scars did not accurately reflect the injury received; he explained that the stab wound under the shoulder blade was enlarged during surgery. Drago, in displaying his scars to the jury, pointed out the incision that was surgically extended by Dr. Kraeger. We believe the explanations by Dr. Kraeger and the victim adequately advised the jury of the extent of the injuries inflicted by defendant.

■ Defendant also argues the trial court should not have permitted the display because he had offered to stipulate to the victim's wounds. This argument was answered in *State v. Mullen* where Judge McMillian stated, "[T]he accused cannot use stipulation or admission to 'cut-off' the State's right to offer evidence. This is especially apposite where, as here, the defendant has pleaded innocent, which put all facts in issue. Evidence which is otherwise admissible will not be excluded merely because it is prejudicial." 528 S.W.2d 517, 523 (Mo.App.1975). Moreover, the state should not be limited in the quantum of proof it may offer because it has the burden of proving guilt beyond a reasonable doubt. *Martin*, 530 S.W.2d at 450.

■ We have examined the trial transcript and conclude the manner in which Drago displayed his scars to the jury was not inflammatory. *See Lane*, 537 S.W.2d at 571. Even if the demonstration had been inflammatory, there would be no error because the display by the victim of his scars tended to prove facts in issue and corroborated testimonial evidence. The trial court did not abuse its discretion in permitting the demonstration.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.