**STATE of Missouri, Respondent,**

v.

**West FORD, Appellant.**

**West FORD, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 62905, 63867.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 21, 1993.

---

Marcie W. Bower, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky O. Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST,[a] Judge.

This is a consolidated appeal. Defendant appeals from his conviction for two counts of first degree assault and two counts of armed criminal action. He also appeals the denial of his Rule 29.15 motion for post-conviction relief as untimely. We affirm.

Only a short rendition of the facts is necessary, because Defendant does not challenge the sufficiency of the evidence. Shortly after midnight on May 9, 1991, Defendant, Jewel Ford, Shundrea May, Shantae McGrew, and Anthony May drove over to the home of the Campbells. Jewel Ford and Shundrea May exited the car. Defendant and the others remained in the car. An argument ensued outside the house between Jewel Ford, Shundrea May, and Shirley Campbell. Shirley returned inside her home to call her son, George Campbell, for help. Meanwhile, Shirley's daughter, Shyrell, went outside. Jewel Ford and Shundrea May began to kick and beat Shyrell. At that time, George Campbell arrived at the home, exited his car, and attempted to pull the two women off Shyrell. Defendant then exited the car, yelled at George, and fired several shots. Shyrell was shot in her back and George was shot in his right leg and left buttocks.

Defendant was subsequently charged with two counts of first degree assault and two counts of armed criminal action. After trial, the jury convicted Defendant of all four counts. The trial court sentenced Defendant as a prior offender to concurrent terms of 25 years' imprisonment on each count.

■ Defendant first contends the trial court erred in denying his *Batson* motion by finding race-neutral reasons for the State's peremptory strike of African–American Venireperson Watkins. Our review of the trial court's denial is limited to determining whether it is clearly erroneous. *State v. Pullen*, 843 S.W.2d 360, 363[3] (Mo. banc 1992); *State v. Parker*, 836 S.W.2d 930, 939 n. 7[14] (Mo. banc 1992).

■ In deciding whether the State's peremptory challenges were racially motivated, the stated reason is presumed race-neutral unless a discriminatory intent is inherent in the reason. *Pullen*, 843 S.W.2d at 362[1]. "If the prosecutor articulates an acceptable reason for the strike, the defendant is required then to show that the state's proffered reasons for the strikes were merely pretextual and that the strikes were racially motivated." *Id.* at 362[2].

■ In assessing whether the defendant has met his burden of proof, the "chief consideration should be the plausibility of the prosecutor's explanations in light of the totality of the facts and circumstances surrounding the case." *Parker*, 836 S.W.2d at 939[13]. Any facts and circumstances detracting from or lending credence to the State's proffered reasons are relevant. *Id.* This includes the existence of similarly situated white jurors who were not struck, the relevance between the reason given and the crime charged, the demeanor of the prosecutor and excluded venirepersons, the court's past experience with the prosecutor, and the objective factors bearing on the State's motive to discriminate. *Id.* at 940[13].

■ The prosecutor stated he struck Venireperson Watkins because she was the youngest person on the panel at 25–years–old. Further, she appeared very young, chewed gum, and bit her nails. He also stated the fact she had two illegitimate children was a significant factor, because he wanted a conservative jury. The reasons given were not inherently discriminatory, and thus, were race-neutral.

The trial court did not clearly err in finding Defendant had failed to satisfy his burden of proving the reasons given were pretextual. In rebuttal, Defendant's counsel merely stated:

> There are other young individuals sitting on the jury. There are other similarly-situated people sitting on this jury that are white or—nail biting and chewing gum, I don't see that that's a reason to strike a juror. I believe that the reason for the striking is of a racial nature. The fact that she was stated single on her—on the jury information that was given, there was no— she didn't answer whether or not she had had those children out of wedlock. I just feel that there are other individuals similarly situated who were not struck by the State, and that the reason is racially motivated.

Counsel did not specifically state any similarly situated white jurors. She did not support her conclusory statements with any supporting facts. Further, in his appellate brief, Defendant also fails to point to any specifics

or precisely aver how the State's reasons are pretextual. Point denied.

■ In Point II, Defendant claims the trial court plainly erred in not granting a mistrial because of repeated misconduct by the prosecutor. Specifically, Defendant points to over 25 instances in the trial transcript of alleged improper comments and/or questioning by the prosecutor: (1) concerning the fact Shyrell Campbell was three months' pregnant at the time of the shooting; (2) referring to Jewel Ford and Shundrea May as "heavyweights"; (3) referring to dents in cars as made by bullets and a substance as blood; (4) asking Shyrell Campbell why she wanted Defendant convicted; and (5) arguing facts not in evidence.

■ Declaring a mistrial is a drastic remedy to be used only in extraordinary circumstances in which prejudice to the defendant cannot be removed in any other way. *State v. Schneider,* 736 S.W.2d 392, 400 (Mo. banc 1987); *State v. Vineyard,* 839 S.W.2d 686, 691[16] (Mo.App.1992). Because the trial court is in a better position to evaluate the prejudicial effect on the jury, it has enormous discretion in deciding whether to declare a mistrial. *State v. Young,* 701 S.W.2d 429, 434 (Mo. banc 1985); *State v. Harris,* 824 S.W.2d 111, 114[1] (Mo.App.1992).

Counsel never requested a mistrial. The transcript indicates that Defendant's counsel objected to most of the improper references and the jury was told to disregard them. Further, other instances cited by Defendant are merely minor points and do not rise to the level of extraordinary circumstances warranting a mistrial. We find no abuse of discretion. Point denied.

In Point III, Defendant argues the trial court erred in allowing Shyrell Campbell to show her scars from the gunshot wound and surgery because any probative value is outweighed by its prejudicial effect. Defendant further argues the demonstration was cumulative of the medical records admitted into evidence.

■ The admission of demonstrative evidence lies largely within the trial court's discretion. *State v. Lane,* 537 S.W.2d 569, 571[3] (Mo.App.1976). Demonstrative evidence is admissible if it establishes a fact at issue, throws light on the issue, or aids the jury in any way in arriving at the correct verdict. *State v. Plant,* 694 S.W.2d 751, 753–54[2] (Mo.App.1985). Further, the admission of other evidence will not prevent the admission of demonstrative evidence which has probative value in establishing conditions and corroboration. *State v. Black,* 748 S.W.2d 184, 186[1] (Mo.App.1988).

■ Defendant was charged with first degree assault in violation of § 565.050, RSMo Supp.1992. Section 565.050.1 provides: "A person commits the crime of assault in the first degree if he [or she] attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." "Serious physical injury" is defined as "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." § 556.061(28), RSMo Supp.1992. Displaying Shyrell Campbell's scars to the jury is proper to show the extent of her injuries and corroborate the medical reports. Moreover, those scars are real evidence of the extent of her disfigurement. *See, State v. Fuller,* 837 S.W.2d 304, 307–08[8] (Mo.App. 1992); *Black,* 748 S.W.2d at 186[2]. We find no abuse of discretion. Point denied.

■ In his final point, Defendant argues the trial court erred in denying his Rule 29.15 motion as untimely. He concedes his motion was untimely but argues the time requirements of Rule 29.15 violate his right to due process of the law.

The time limits and procedural requirements of Rule 29.15 were upheld as constitutional by the Missouri Supreme Court. *Day v. State,* 770 S.W.2d 692, 695[1] (Mo. banc 1989). In that case, the Court found the time limitations were reasonable and prevented litigation of stale claims and avoided delay in processing claims. *Id.* Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.