STATE OF MISSOURI, Respondent, v. GUS STROUD, Appellant, No. 42306—240 S. W. (2d) 111.

Division Two, June 11, 1951.

Ellis S. Outlaw and John J. Spencer for appellant; Sarah Spencer Ashmore of counsel.

J. E. Taylor, Attorney General, and R. Wilson Barrow, Assistant Attorney General, for respondent.

126

HOLMAN, SPECIAL JUDGE.—Appellant, Gus Stroud, hereafter referred to as the defendant, was found guilty of forcible rape upon Norma Louise Sandoz and his punishment assessed by the jury at 12 years imprisonment in the penitentiary. From the ensuing judgment and sentence he has appealed.

The State's evidence justifies the following statement of facts. Prosecutrix lived with her husband in an apartment at 1553 Cole Street in the City of St. Louis, Missouri. He played as a musician in a dance band and frequently did not get home from his work until three or four o'clock in the morning, thus leaving prosecutrix alone in their apartment during most of the night. On the evening of December 25, 1948, prosecutrix visited a neighbor from eight until eleven o'clock, at which time she returned home, removed her clothing, put on a robe and laid down across the double bed and went to sleep. She awaked about an hour later and found a man upon her who had already begun the act of sexual intercourse with her. The light shining into the bedroom from an adjoining bathroom per-

mitted her to see that it was the defendant, whom she had known casually. She immediately began a struggle to dislodge the defendant, but was not able to do so until they both fell from the bed. Mrs. Sandoz then discovered that another acquaintance, Porky Fletcher, was in an adjoining room. It is significant that Porky Fletcher had been at the apartment of prosecutrix early in the evening and inquired of her husband as to whether he would play in the band that night. He and the defendant left the apartment together. Prosecutrix ran into the street and started up on Franklin Street to call the police, but became frightened and returned home. When her husband arrived, she reported the occurrence to him and he called the police. Mrs. Sandoz was examined by a physician, who found a contusion of her left hip and evidence of recent intercourse. Defendant was arrested shortly after the police received the report from Mr. Sandoz. At the trial he presented evidence tending to establish an alibi.

Defendant contends that the evidence is not sufficient to support the verdict. He does not argue that there was no testimony tending to establish his guilt, but rather that it was not possible for the offense to have occurred in the manner related by prosecutrix. There is no merit to this assignment. According to prosecutrix, the initial penetration was accomplished while she was asleep. This is unusual, but we cannot say it is contrary to physical possibility. Carnal connection with a woman asleep is rape, because the act is without her consent. State v. Welch, 191 Mo. 179, 89 S. W. 945. There was ample evidence to prove every element of the offense. Prosecutrix positively identified the defendant and was corroborated by a number of circumstances. It is the particular province of the jury to find the facts and in so doing to determine the testimony it chooses to believe. That the jurors saw fit to believe prosecutrix and hence reject the conflicting testimony of defendant and some of his witnesses furnishes no legal basis for his complaint.

Defendant in his brief complains of the alleged misconduct of a juror, Miss Emily Lee Miller, who is said to have made a statement during the course of the trial that, "All of the defendant's witnesses were lying." We have searched the record and do not find that this was ever proved or called to the attention of the trial court in any manner. Furthermore, no reference to this alleged error was made in the motion for new trial and therefore it was not preserved for review. State v. Cochran, 356 Mo. 778, 203 S. W. (2d) 707.

Defendant argues that he should have been granted a new trial because of newly discovered testimony. The point was raised in his amended motion for new trial and the affidavits of three proposed witnesses attached thereto. The defendant has utterly failed, however, to meet the requirements for the consideration of such assignment by presenting affidavits showing, (1) that the evi-

dence has come to the knowledge of the defendant since the trial, and (2) that it was not owing to his want of due diligence that he did not discover it sooner, and, (3) that the evidence is so material that it would probably produce a different result on a new trial, and, (4) that it is not cumulative only or merely impeaching the credit of the witness. See State v. Thurston, Mo. Sup., 242 S. W. 908. A reading of the affidavits indicates that the testimony of said affiants would merely tend to impeach the credit and character of the prosecuting witness and would not probably produce a different result on a new trial.

It is further urged by defendant that the argument of the circuit attorney was improper and prejudicial. He argues that the circuit attorney commented on the failure of his wife to testify. If true, this would be error. Section 546.270, R. S. Mo. 1949. The defendant testified that he had a wife and four children. In answering the argument of defendant's attorney to the effect that defendant was needed by his family the circuit attorney commented on the fact that defendant's wife and children had not been in the court room during the trial. Defendant contends this should be construed as a reference, by inference, to the wife's failure to testify. However, we will not determine that point, as the defendant made no objection to the argument and the point is not properly before us for consideration. State v. Hepperman, 349 Mo. 681, 162 S. W. (2d) 878.

Defendant next complains that the circuit attorney in his argument referred to defendant as a "hoodlum." His only use of this word was as follows. "Unfortunately, the way housing is, a lot of good people—good colored people, have to live around close to a lot of hoodlums. So they all knew each other, he knew her because she was attractive." The defendant is correct in his contention that a prosecutor should not be allowed to apply unbecoming names to a defendant. State v. Taylor; 320 Mo. 417, 8 S. W. (2d) 29. Even if we assume that the above was considered as a reference to defendant as a "hoodlum," the error was cured, as the trial court sustained defendant's objection, the statement was stricken from the record, and the jury instructed to disregard it. State v. King, 342 Mo. 975, 119 S. W. (2d) 277.

Finally, defendant contends generally that the circuit attorney's argument was inflammatory and not in accord with the State's duty to one charged with crime. He fails to point out any statement which would be calculated to incite the passion or prejudice of the jury. We have nevertheless read the entire argument and find no basis for this assignment. The circuit attorney made a vigorous argument. This he had a right to do so long as he confined his remarks to the record facts and legitimate inferences that may be

drawn therefrom. We find nothing in the argument that would tend to inflame the minds of the jurors or arouse their passion or prejudice.

An examination of the record proper discloses no error.

The judgment is affirmed. All concur.