STATE of Missouri, Respondent,

v.

Alvin HARRE, Appellant.

No. 44001.

Supreme Court of Missouri.

Division No. 1.

June 13, 1955.

No attorney noted for appellant and no brief filed.

John M. Dalton, Atty. Gen., Robert R. Welborn, Asst. Atty. Gen., Missouri, for respondent. .

HOLMAN, Commissioner.

Defendant (appellant), Alvin Harre, was found guilty of burglary in the second degree and larceny, with four prior felony convictions, and hence the maximum penalties of ten years' imprisonment for the burglary and five years for the larceny were imposed. Sections 556.280(2), 560.-095(2), 560.110 RSMo 1949, V.A.M.S. All required elements concerning the four prior convictions were admitted by the defendant and therefore no point is made here relative to the applicability of the Habitual Criminal Act.

Oswald Vogt owned and operated a grocery store in Herculaneum, Missouri. On Saturday, May 2, 1953, he closed his store at 6:30 p.m., locking all windows and doors. About four hours later he returned to the store after being advised by a friend that the front door was open. An examination revealed that the glass was broken in the door and entry thus made into the building. The stock was considerably disturbed and many articles were found missing.

Defendant was arrested at about 11 p. m. of that day in St. Louis County while driving toward the city of St. Louis. He had been stopped by Trooper Murphy of the Highway Patrol because lighted firecrackers were being thrown out of the windows of his automobile. While talking with defendant and the two young boys in the car, the trooper noticed three boxes of groceries and merchandise in the automobile. He became suspicious when he noticed the "helterskelter" arrangement of the articles in the boxes and saw that the frozen meats were unwrapped. When asked about the goods, defendant told the officer that they had been purchased from a wholesale house for use in a restaurant in which he owned an interest. The trooper made a call to the restaurant and the person in charge stated that she had no knowledge of defendant having any ownership in the establishment. The defendant was also unable to present any proof of ownership of the automobile he was driving. At this point, defendant was placed under arrest and taken to the patrol headquarters at Kirkwood.

At defendant's request the trooper took charge of the three boxes of groceries and other articles, placing the frozen foods under refrigeration, and also had the car towed to a nearby garage. Shortly after the defendant was arrested, the sheriff of Jefferson County called the office of the patrol and reported the burglary of the Vogt store and the theft of the articles of the same description as those found in the possession of the defendant. Later that night, Mr. Vogt came to Kirkwood and identified the articles as those taken from his store building.

At the time of his arrest defendant was driving a 1948 model, light-green Chevrolet four-door sedan. Mrs. Hulda Williams, who lived across the street from the Vogt market, testified that she saw this car parked near the market at about 9 p. m. on the night in question. It may also be of interest to mention that the two boys who were in the defendant's car fled from the patrol office and were never apprehended.

Prior to the trial defendant filed a motion to suppress the evidence relating to the articles found in the car, as such was alleged to have been obtained by unlawful search in violation of the constitutional guaranties against unreasonable search and seizure. This motion was overruled and the said ruling is now assigned as error. Actually, the articles in question were not offered in evidence but there was considerable testimony relating to them. We have held that if articles unlawfully seized cannot be used in evidence, witnesses observing them in the custody of the officers cannot testify as to the description and identity of such articles. State v. Hunt, Mo., 280 S.W.2d 37.

In the instant case we think the ruling of the trial court was correct. There was no search. The articles recovered were open to the plain view of the officer as he stood outside the automobile. A search is not made when the officer merely looks at that which can be seen. State v. Hawkins, 362 Mo. 152, 240 S.W.2d 688; State v. Campbell, Mo.Sup., 262 S. W.2d 5. It is also noteworthy that the trooper did not take possession of the articles until requested to do so by the defendant. The case of State v. Cuezze, Mo. Sup., 249 S.W.2d 373, cited by defendant, is easily distinguishable because in that case the officers searched the car, without a search warrant or lawful arrest, and found the articles under the front seat. Defendant also cites State v. Lock, 302 Mo. 400, 259 S.W. 116; State v. Rebasti, 306 Mo. 336, 267 S.W. 858; and State v. Harris, Mo.App., 250 S.W. 925. These cases all involve searches under authority of an invalid search warrant and hence are clearly not in point.

Defendant next complains of the failure of the trial court to direct a verdict of acquittal. There is no merit to this contention. The automobile being driven by defendant was shown to have been parked near the store at about the time of the burglary. When this fact is considered in connection with the defend-

ant's unexplained, exclusive possession of the recently stolen property, the evidence appears clearly sufficient to warrant an inference of his guilt. State v. Oliver, 355 Mo. 173, 195 S.W.2d 484; State v. Hagerman, 361 Mo. 994, 238 S.W.2d 327.

The contention is also made in defendant's brief that the verdict is against the weight of the evidence and against the law and evidence. This assignment is too general and presents nothing for our review. State v. Gaddy, Mo.Sup., 261 S.W.2d 65.

Next, it is urged that the court erred in not giving to the jury a requested instruction to the effect that the failure of defendant to testify should not be held against him and construed as an admission of guilt. This point was not mentioned in the motion for new trial and therefore is not preserved for review. State v. Stroud, 362 Mo. 124, 240 S.W.2d 111.

Finally, defendant complains of the action of the trial court in permitting the prosecuting attorney to make derogatory statements concerning the defendant in his opening statement to the jury. Since the opening statement does not appear in the transcript, we cannot consider this alleged error. Perhaps we should also point out that this assignment was not referred to in the motion for new trial.

We have examined the record and find no error relating to matters not required to be presented in the brief or preserved in the motion for new trial. The information properly charges the defendant with the offense of burglary in the second degree and with larceny in connection therewith. Sections 560.070 and 560.110, RSMo 1949, V.A.M.S. The verdict is in proper form. Defendant was granted allocution. The sentence and judgment are responsive to the verdict.

The judgment is affirmed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.