**STATE of Missouri, Respondent,**

v.

**Charles Earl PORTER, Appellant.**

**No. 53745.**

Supreme Court of Missouri,
Division No. 1.

Oct. 12, 1970.

257

John C. Danforth, Atty. Gen., Frank P. Cihlar, Asst. Atty. Gen., Jefferson City, for respondent.

William C. Connett, IV, Timothy B. Matz, St. Louis, for appellant, Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel.

BARDGETT, Judge.

Defendant was prosecuted by information under the Second Offender Act (§§ 556.280 and 556.290 RSMo 1959, V.A.M.S.) for attempted arson, a violation of § 560.035 RSMo 1959, V.A.M.S. He was found guilty by a jury and sentenced by the Court to imprisonment for three years and he now appeals.

The building involved in this attempted arson case is an occupied, small two-story frame dwelling house, located at 2808 Burd, St. Louis, Missouri. There are two large trees in a small front yard between the house and the sidewalk with a fence along the inside edge of the sidewalk and a lamplight between the sidewalk and the curb.

The distance between the house and the sidewalk is 25 to 30 feet.

Mrs. Grace Golden lived there with her four children and two grandchildren. One of these children is Mrs. Maryetta Porter, the estranged wife of defendant. They, and Leroy Wilson who was visiting Mrs. Golden, were in the house late in the evening of September 5, and the early morning hours of September 6, 1967, when the events described hereafter allegedly took place.

Around midnight a bottle was thrown at the house, hit one of the trees, caught the tree on fire, and fell to the ground. Mrs. Golden and Leroy Wilson went outside and saw burning rags fall out of the tree onto the yard next door. They returned to the house and went into the second floor front room to see what would happen next.

Leroy Wilson testified that around 12:45 a. m., while Mrs. Golden and he were in the second floor front room he observed defendant, whom he had known for about five months, standing on the sidewalk in front of this house and saw defendant light a bottle and throw it at the house. The bottle hit the tree, which is about five feet from the house, and fell into the yard about three feet from the house. Not knowing whether the bottle hit the house, Wilson and Mrs. Golden went downstairs to get the children out of the house. The bottle was still burning when the police arrived. The police chemist testified that the bottle contained gasoline.

Grace Golden testified that while she was in the second floor front room with Leroy Wilson she saw a person come across the street from the west side; "took something" and when he did this "it started glaring and flaming up all of a sudden," and she was then pushed to the floor by Mr. Wilson. She could not see the person's face but identified him by his height and the way he walked as defendant, whom she had known for several years. About six weeks before this incident defendant

told her, "I will kill anyone who comes between me and my wife."

Herman Golden, Grace Golden's son, testified that he had seen defendant, whom he knew, driving down Burd shortly before midnight on September 5, 1967; that later that night he saw defendant lighting something in a bottle and getting ready to throw it. Herman did not see what took place next as he went to call his mother who was upstairs. After that Herman and others in the house went outside and saw the grass next to the house on fire. Police were called and while the police were at the scene Grace Golden saw defendant driving by in the same car that she had seen defendant driving at about 10 p. m. on September 5, 1967, a few hours earlier. The police stopped defendant about one block from the scene and placed him under arrest. Defendant was driving a 1958 light blue Dodge station wagon. One Charles Jackson was in the car with defendant.

Defendant did not testify but presented his evidence of alibi through four witnesses. Mrs. Ethel Porter, defendant's mother, testified that he came home from work about 6 p. m.; that he left at about 6:30 p. m. and returned around 11 p. m. He again left at 12 or 12:30 a. m. and returned around 1:00 or 1:30 a. m. with Charles Taylor, at which time defendant asked his sister to lend her car to him in order to drive Charles Taylor to work, as defendant did not have a car.

Defendant's sister, Ethel Fentress, who was living with her mother and brother, testified that she owned a 1962 Chevrolet but on the date in question it was being repaired and she was using a 1956 or 1957 light blue Dodge station wagon. On the evening of September 5, 1967, at about 7 p. m., she and her husband left home in the Dodge to go to a drive-in movie and returned at about 1:00 a. m. At about 1:10 or 1:15 a. m., defendant borrowed the Dodge from her to take Charles Taylor to work. The next time the witness saw defendant he was in jail.

Shirley Taylor, the wife of Charles Taylor, testified that defendant and one James Russell came to their house about 11:15 or 11:30 p. m. on September 5, 1967, to take her husband to work. Her husband didn't return home to go to work until 1:00 a. m., so defendant and Russell remained at the Taylor house and watched television from about 11:15 p. m. to 1:00 a. m.

James Mitchell testified he went to defendant's house around 11:00 or 11:30 p. m. on September 5, 1967, and defendant told him they were going to take Charles Taylor to work. The two of them went to Taylor's house but Taylor wasn't home so they decided to wait for him, and did wait in Taylor's house until he returned about 1:00 or 1:10 a. m. Defendant then borrowed his sister's car to take Taylor to work and Mitchell went home.

At defendant's request the court submitted defendant's theory of nonpresence at the scene by Instruction No. 1A.

Appellant's first point is that the information did not fully inform him of the nature of the offense of attempted arson, and the verdict directing instruction on attempted arson (Instruction No. 1) did not require the jury to find that defendant had the specific intent to set fire to the house.

■ At the outset the court is confronted with the claim by the State that these assignments were not presented for review or were defectively raised or preserved and therefore S.Ct. Rule 27.20, V.A.M.R., prevents these and other points of appellant from being reviewed by this court, unless the plain error rule applies. However, the information is part of the record proper before the court and the sufficiency of the information is for the court's consideration regardless of the particularity of the motion for new trial, Rule 28.02, V.A.M.R., State v. Edmonds, Mo., 347 S.W.2d 158, 160, and State v. Biven, Mo., 151 S.W.2d 1114.

■ Specifically, defendant claims the information fails to charge him with *inten-*

*tionally* attempting to set fire to the building. The information charges defendant with "unlawfully, *wilfully,* maliciously and feloniously" attempting to "set fire to and burn the building * * * located at 2808 Burd Avenue * * * in which certain human beings were present * * * but Porter failed in his attempt to burn the building * * *." (Emphasis ours.) The information informed defendant of the charge and identified the house although it did not allege the method by which defendant attempted to burn the house, as did the information in State v. Bliss, Mo., 80 S.W.2d 162, cited by appellant. However, had defendant believed he was not sufficiently informed of the charge by the allegations in the information he could have moved for a bill of particulars pursuant to Rule 24.03, V.A.M.R. 1959. Not having done so it must be assumed defendant was sufficiently informed to prepare his defense, State v. Edmonds, Mo., 347 S.W.2d 158, 161. The point is ruled against appellant.

■ Next, appellant claims error in giving Instruction No. 1 on the grounds that it failed to require a finding that defendant specifically intended to burn down the house. No objection was made to Instruction No. 1 at trial, nor was any error presented in appellant's motion for new trial. In this posture this court will not consider any matter of instruction as plain error unless the trial court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice, State v. Auger, Mo., 434 S.W.2d 1, 4; Rule 27.20(c), V.A.M.R. In the instant case we observe that Instruction No. 1 required a finding by the jury that defendant "did unlawfully, *wilfully* * * * attempt to set fire to and burn * * * by means of throwing on and about said dwelling house an inflammable fluid * *." "Wilfully" was also defined in Instruction No. 1 as meaning "intentionally, not by accident." Instruction No. 1 fairly submitted the charge of attempted arson to the jury. The point is ruled against appellant.

Appellant asserts the conviction was not supported by the evidence in that there was no evidence that defendant intended to set the house on fire.

■ We will not repeat the evidence previously set forth in this opinion. Suffice it to say that the testimony of the witnesses who saw defendant with a flaming bottle of gasoline in his hand; saw him throw it at a wooden house; and saw it hit the tree branches and fall to the ground very close to the house was sufficient for the jury to find the requisite wilfulness, or, intent to burn the house. In State v. Ruckman, 253 Mo. 487, 161 S.W. 705, cited by appellant, there was no direct evidence that defendant did, in fact, attempt to cause a fire. The only evidence was of motive and the court held that mere proof of motive, uncorroborated by other facts and circumstances inconsistent with innocence is not sufficient to submit the case to the jury. Unlike the cited cases, there is in this case substantial evidence that defendant did throw a flaming bottle of gasoline at the house. The point is ruled against appellant.

■ During closing argument the prosecuting attorney referred to Maryetta Porter, wife of defendant, and her failure to testify, as follows: "A wife cannot testify against her husband in the State of Missouri, so we are left with this lady's testimony. They are still legally married. She testified to that." No objection was made and therefore this is not preserved for appellate review, State v. Stroud, 362 Mo. 124, 240 S.W.2d 111, 113; State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878, 885.

■ In the course of the State's case witness Grace Golden was asked if she had any incidents or disagreements with defendant. She replied that a few days before the fire someone going down the alley behind her house had fired two shots but that she could not identify the auto occupants. Defendant's attorney objected on

the grounds that the incident was not related to defendant. The objection was sustained and defendant's attorney requested the court to instruct the jury to disregard the testimony. The court obliged as follows: "Ladies and gentlemen, because there is no identification of the second incident, it cannot be related to this defendant. You are instructed to disregard the latter statement and not consider that in any deliberations in this case. * * *." The prosecutor then asked, "Did you have any other incidents with this man?" to which the witness replied, "No, this was the last incident." Appellant complains that the testimony was so prejudicial that the error could not be cured by the action the court took in sustaining defendant's objections. However, the court did what the defendant asked be done. No further action was requested and there was no request for mistrial or reprimand. For these reasons the matter is not now available to appellant and the point is overruled. State v. Crider, Mo., 419 S.W.2d 13, 15; State v. Cheatham, Mo., 340 S.W.2d 16, 20. There was no objection to the subsequent question and answer which made only fleeting and ambiguous reference to the shooting incident, and therefore appellant's point is not preserved for review and is overruled.

■ Finally, appellant complains that the prosecutor's reference in argument on two occasions to the presence of a two-year-old child in the house, and the prosecutor's comment on the obligation of the State to endorse witnesses, were prejudicially erroneous. Defendant's objection to the comment concerning endorsement of witnesses was sustained and no further relief was requested. The presence of the two-year-old child in the house was in evidence and was a proper subject of argument.

The judgment is affirmed.

All concur.