**562**

STATE of Missouri, Respondent,

v.

Lester MAXWELL, Appellant.

No. 55759.

Supreme Court of Missouri,
Division No. 2.

April 12, 1971.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

James A. Riley, St. Louis, for defendant-appellant.

STOCKARD, Commissioner.

Defendant was charged with first degree burglary and as a second offender. He was found guilty by the jury, and the court determined that he had a prior felony conviction. Punishment was fixed at imprisonment for a term of eight years.

A jury reasonably could find from the evidence that between noon and one o'clock on July 13, 1969, Mrs. Wanda Reese was awakened by a sound, and she saw the head and shoulders of the defendant at the living room window. She awakened her husband, Ronald Reese, who obtained a .22 caliber pistol and went to the living room. He saw the defendant "coming through the window" and his body was "halfway in the window." When defendant moved his arm, Mr. Reese shot him and he fell "back outside the window." Prior to that time the window was closed but not locked, and it had some tape on it to keep it closed. An investigation disclosed that there were pry marks on the window which were not there before, and that the glass had been broken but it had not fallen out because it was covered with contact paper.

Defendant first contends that a conviction of burglary "cannot be based on mere belief of guilt, but guilt must be established by that quantum of proof, direct or circumstantial, required by the rules of evidence." We consider this as presenting the contention that a submissible case was not made.

■ This contention is clearly without merit. The requirement in § 560.040, RSMo 1969, V.A.M.S., that there be "forcibly bursting or breaking" of the window was clearly met. The window was closed, and it was forced open and broken. There were human beings in the dwelling house at the time, and the necessary intent was alleged in the information and could reasonably be inferred from the circumstances.

■ Defendant's second point is that the "prosecutor should not have been allowed

to cross-examine him as to the details of the previous offenses."

Defendant testified and on direct examination he admitted previous convictions in 1956 and 1957 for burglary, and a conviction in 1965 for robbery. He also testified, apparently based on his experience, that he would not have committed a burglary in full daylight, and that if he had intended to burglarize the Reese home he would have had burglar tools with him. Defendant does not identify the precise examination to which he now objects, but makes reference to three pages of the transcript. We there find that on two occasions counsel for the State asked some questions which could be considered as pertaining to the details of the crimes of which he previously had been convicted. However, no objection whatever was made and no mention is made in the motion for new trial. The contention is not preserved for appellate review.

Defendant's last point is that he was entitled to a "hearing and finding of fact, as a fact, that in his prior conviction he was not represented by counsel."

■ The prior conviction alleged in the information was for robbery first degree by means of a dangerous and deadly weapon on January 11, 1965. Proof of that conviction was made by the deputy clerk reading into evidence the judgment entered in that case, and a certified copy of the record of the Department of Corrections showing the incarceration of defendant pursuant to that judgment. The trial court entered of record its findings of the previous conviction, and noted that the case had been appealed, and that the mandate was in the file. That appeal is reported as State v. Maxwell, Mo., 400 S.W.2d 156, and on page 158 we find this statement: "Then on September 3, 1964, the Circuit Court appointed Earl B. Leadlove as attorney for defendant, and he continued to represent defendant in the trial court and on appeal to this court."

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.