STATE of Missouri, Plaintiff-Respondent,

v.

Norman F. WENDELL, Jr., Defendant-Appellant.

No. 9983.

Missouri Court of Appeals, Springfield District.

Sept. 28, 1976.

John C. Danforth, Atty. Gen., W. Mitchell Elliott, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Gregory K. Johnson, Springfield, for defendant-appellant.

Before STONE, P. J., and HOGAN and TITUS, JJ.

TITUS, Judge.

Defendant was found guilty of two counts of first degree robbery. He was represented at trial by counsel of his own selection and is represented on this appeal by different counsel of his choice.

Under points relied on, defendant asserts the trial court erred in permitting the state to show, via cross-examination of him and through the direct testimony of other witnesses, that he had been investigated for, arrested and charged with various crimes which had not resulted in convictions. Defendant likewise contends it was error to permit the state to cross-examine two of his witnesses concerning criminal charges against them which did not result in convictions, and, additionally, asseverates some of the foregoing alleged errors should be considered as plain error under Rule 27.20(c), V.A.M.R.

Defendant, as a witness on his own behalf, testified on direct examination that prior to his arrest on the charges for which he was being tried, he had been stopped, investigated or arrested on various occasions (about seven) by local police officers on charges for which there were no convictions. His then counsel referred to the incidents as "scrapes with the law" and "pumped up" charges; his present counsel opines the testimony was elicited as a trial tactic "to show that these law enforcement officers had in fact been harassing Defendant without just cause." To be specific, defendant's present complaint does not go to the arrests he testified to on direct examination. Rather, he says it was error for the state to evoke on cross-examination testimony of other arrests and · pending charges which had not been mentioned on direct examination.

A defendant in a criminal cause, as any other witness, may be impeached on cross-examination to show prior convictions to affect his credibility. In usual circumstances, the defendant's credibility as a witness may be tested only by showing previous conviction—not by showing arrests even though defendant had spoken of prior convictions. *State v. Massa,* 512 S.W.2d 912, 914[1–3] (Mo.App.1974). Nevertheless, once a defendant tenders the issues of his prior arrests and exposes a claim of harassment, the state on cross-examination is not tied to a categorical review of the exact things stated on direct examination but may inquire as to all matters within the fair purview of the direct examination. *State v. Scown,* 312 S.W.2d 782, 786–787[2] (Mo.1958). "To refute the claim of police harassment the prosecutor cross-examined the defendant about his [entire] arrest record . . . . To allow defendant to tender the issue of his arrests to show police harassment and to deny the state to put the issue in its proper context, would have the effect of immunizing the defendant from cross-examination on an issue which he raised on his direct examination. This, we refuse to do and, therefore, defendant's claim of error on this point is denied." *State v. Connell,* 523 S.W.2d 132, 135–136[2] (Mo.App.1975).

On direct examination of Deputy Sheriff Jeter (a witness for the state of whose testimony defendant now complains), the following occurred: "Q. Okay. What else did you do in this investigation, sir? A. Well, upon the description that [the victims] had given us, of the car, we had .been watching the subject that drove a car fit-

ting this description, quite some time. It hung out, out around the Outrigger Club quite frequently. And, this car had been involved in prostitution and narcotics. Q. And who owned that car, sir. A. (Pause) Wendell. Q. Mr. Norman Wendell [the defendant]? A. Mr. Norman Wendell. [Prosecuting Attorney]: You may inquire . . . ." Thereafter, defense counsel cross-examined the deputy regarding his "suspicions" and the fact that no charges had been filed against defendant "for narcotics or prostitution." Another state's witness of whose testimony defendant also complains was Trooper Wallace. When called as a state's rebuttal witness this transpired: "Q. And, on the 13th day of May, 1974, Officer, did you place [the defendant] under arrest? A. I did. Q. What did you tell him? A. I advised him that he was under arrest for possession of narcotics, narcotics paraphernalia. Q. Did you at any time mention the word 'suspicion'? A. No. Q. Did you advise him of his Miranda warnings that evening? A. I did. [Prosecuting Attorney]: No further questions." Following this, defense counsel cross-examined the trooper and elicited information that when the witness had arrested defendant he "could see narcotics in the car."

■■ From the above recasting it is obvious that no objections were voiced by defendant to either the questions asked of or the answers given by Deputy Jeter and Trooper Wallace. Moreover, defendant's motion for a new trial did not allude to the testimony of Deputy Jeter and only mentioned Trooper Wallace's testimony as being hearsay as it related to recounting what he had been told by an informant. When a defendant at trial does not object to the testimony of a witness and does not present the matter as claimed error to the trial court in a motion for a new trial, such an alleged error is not preserved for appellate review and merits no consideration when presented for the first time in an appellant's brief. *State v. Gant,* 490 S.W.2d 46, 49[8] (Mo.1973); *State v. Gannaway,* 313 S.W.2d 653, 656–657[10] (Mo.1958); *State v. Obie,* 501 S.W.2d 513, 514[3] (Mo.App.1973);

*State v. Barker,* 490 S.W.2d 263, 275[18] (Mo.App.1973).

■ Without repeating the testimony of Sheriff Carter, it is enough to note that all of the defendant's objections to his testimony now complained of were sustained by the trial court and defendant's single request that the jury be instructed to disregard the testimony was fully accommodated. Defendant did not ask for a mistrial or other relief. When a defendant, as here, receives all of the relief which he asks, no error results, and the court's rulings and admonitions obviate any prejudicial error. *State v. Porter,* 458 S.W.2d 256, 260[7] (Mo. 1970); *State v. Craig,* 433 S.W.2d 811, 813[1] (Mo.1968); *State v. Granberry,* 530 S.W.2d 714, 728[22] (Mo.App.1976); *Billings v. State,* 503 S.W.2d 57, 60[3] (Mo.App. 1973).

■ Conjunctively with the foregoing, defendant says the trial court erred in permitting the state to cross-examine his two alibi witnesses, Henry and Holloway, anent criminal charges which had not resulted in convictions. The claimed error regarding the cross-examination of witness Holloway was not included in defendant's motion for a new trial and need not and will not be considered on appeal. Rule 27.20(a), V.A. M.R.; *State v. Tilcock,* 522 S.W.2d 60, 62[1] (Mo.App.1975).

Defendant's alibi witness Henry was in the army stationed at Ft. Leonard Wood. On direct examination by defendant's attorney, this happened: "Q. Are you in any trouble with the local police? A. Not that I know of. Q. Or, in the military? A. No, sir." During cross-examination by the state this occurred: "Q. And, you say you're not in military trouble, is that right? A. No, I'm not. Q. Have you been convicted of any crimes on Post? A. No, I haven't. Q. Haven't been convicted of using marijuana? A. I was convicted, but the case was thrown out. Q. You were convicted of using marijuana . . . were you not fined two hundred dollars? A. No, I wasn't . . . .. Q. And if these records are available from the CID

Office, they would be in error? [Defendant's Counsel]: Objection, Your Honor, he may ask if he's ever been convicted of a crime." The objection was overruled and thereafter without objection on defendant's part the witness clung to the paradoxical pronouncement that "I'm saying that I was convicted, but . . . the whole case was thrown out of Court."

 It should be observed that defendant did not object to the cross-examination questions regarding the witness' "military trouble" or his conviction. The only question objected to by defendant related to the accuracy vel non of the CID records and when the objection was overruled, the witness agreed "they wouldn't" be in error. We believe the cross-examination of witness Henry was invited by his direct examination (and later cross-examination) denial that he had "trouble" in the military and his insistance on the equivocation that although he had been convicted of a military crime the case, nonetheless, had been "thrown out of court." If there was any error as alleged relative to the cross-examination of this witness, we fail to perceive it, but even so, we cannot discern prejudice to the defendant under the circumstances.

At last we consider defendant's claim that it was plain error for the trial court to permit his alibi witness Holloway to be cross-examined about possession of marijuana which did not result in conviction and to permit state witnesses Jeter, Carter, Neal,[1] and Wallace to testify in regard to defendant's having been arrested, charged and investigated on numerous occasions, none of which had resulted in a criminal conviction. In his brief filed here, defendant candidly admits that none of these alleged errors was properly preserved for appellate review as we have previously observed and decided.

 Invocation of Rule 27.20(c) is to be done on a case-to-case basis to avoid "manifest injustice or miscarriage of justice." It is not to be invoked in every case where it is claimed for the first time on appeal [*State v. Meiers*, 412 S.W.2d 478, 480–481[1] (Mo.1967)] and the finding of error alone is not enough to cause an appellate court to apply the rule. *State v. Watts*, 515 S.W.2d 854, 856[2] (Mo.App. 1974). Before a court should make application of the plain error rule there must be a sound, substantial manifestation and a strong, clear showing that injustice or a miscarriage of justice will result otherwise. *State v. Caffey*, 457 S.W.2d 657, 660[4] (Mo. 1970).

 In the instant case, defendant (a white male) driving a Mustang and accompanied by a black passenger, offered three soldiers a ride to a certain motel. Instead of stopping at the motel, defendant drove past the soldiers' desired destination and onto a dirt road where the car was stopped. The three soldiers were ordered at gunpoint to "Get out and get on the ground," and all were thereafter robbed. Two of the victims who testified at trial, unhesitatingly selected defendant's picture from a photographic line-up and unequivocally identified him as one of the robbers at trial. A Mustang belonging to defendant fit the description of the vehicle used in the robbery. Sometime later, pieces of one of the victim's billfold and some of its contents were found alongside a roadway where defendant was said to have thrown them. Thus the testimony and exhibits indicate strong evidence of guilt and when guilt is established by overwhelming evidence no injustice or miscarriage of justice will result from refusal to invoke the plain error rule. *State v. Hurtt*, 509 S.W.2d 14, 15[3] (Mo.1974).

The judgment is affirmed.

All concur.

---

1. The only inference gleaned from Neal's testimony that defendant had other arrests and charges came from answers to questions asked of him on cross-examination by defendant's trial counsel.