STATE of Missouri,
Plaintiff-Respondent,

v.

Roe Harold LANCE,
Defendant-Appellant.

No. 10636.

Missouri Court of Appeals,
Springfield District.

April 21, 1978.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Ted M. Henson, Jr., Scott & Henson, Poplar Bluff, for defendant-appellant.

Before BILLINGS, C. J., and HOGAN and TITUS, JJ.

BILLINGS, Chief Judge.

Defendant Roe Harold Lance was convicted by a Stoddard County jury of armed robbery and sentenced to 25 years imprisonment. We affirm.

Defendant was charged with the June 18, 1975, armed robbery of Mr. and Mrs. Glen Harrison at their Stoddard County home.[1] Following the robbery, the victims were handcuffed to clothes rods in a closet and furniture stacked against the closet door. At trial Mr. and Mrs. Harrison and defendant's accomplice testified defendant was one of the two armed men who perpetrated the crime.

The transcript discloses the verdict of the jury was returned January 19, 1977, and at defendant's request he was granted 15 days in which to file a motion for new trial. The new trial motion was filed 21 days later on February 24, 1977. On March 7, 1977, defendant was granted leave to file an amended motion for new trial and this was done on March 15, 1977. The trial court overruled the motion on March 16, 1977, afforded defendant allocution, and imposed sentence and rendered judgment.[2]

Rule 27.20, V.A.M.R., requires that a motion for a new trial in a criminal case be filed within ten days after the return of the verdict unless the court, on application of the defendant, extends the time for an additional period of time, not exceeding 30 days.

Here, defendant had a total time of 15 days in which to timely file a motion for new trial. His failure to do so within the time allotted rendered his motion a nullity and preserved nothing for appellate review. *State v. Collett,* 542 S.W.2d 783 (Mo.banc 1976); *State v. Laden,* 536 S.W.2d 880 (Mo.App.1976). The amendment of the motion for new trial was unauthorized and prohibited by Rule 27.20, V.A.M.R., and preserved nothing for review.

1. Colloquy between court and counsel indicated defendant was also charged with an armed robbery of Mr. and Mrs. Harrison on June 2, 1975. Defendant, serving federal sentences at time of the instant trial, was also awaiting trial on an armed robbery charge in Butler County.

2. The clerk, in entering the judgment, omitted the offense for which defendant was convicted. We remanded the case for entry of judgment as required by Rule 27.11, V.A.M.R. *State v. Lance,* 561 S.W.2d 446 (Mo.App.), filed January 19, 1978.

We have read the transcript in its entirety to determine if the plain error provision of Rule 27.20(c) is applicable. We conclude not. The state's evidence was substantial and overwhelming as to defendant's guilt. The jury only required 16 minutes to select a foreman, deliberate and arrive at its verdict. Defendant offered no evidence by way of defense. We do not find manifest injustice or miscarriage of justice and hold that the plain error doctrine does not apply in this case. *State v. Sanders,* 541 S.W.2d 530 (Mo.banc 1976); *State v. Hurtt,* 509 S.W.2d 14 (Mo.1974); *State v. Wendell,* 542 S.W.2d 339 (Mo.App. 1976).

The judgment is affirmed.

All concur.