**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Robert ELLIS, Defendant-Appellant.**

**No. 39204.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 30, 1978.

view. *State ex rel. Laclede Gas Co. v. Public Service Commission*, 535 S.W.2d 561, 573–574 (Mo.App.1976).

Robert C. Babione, Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Jefferson City, George A. Peach, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from a conviction by a jury of two counts of murder in the first degree, two counts of robbery in the first degree, and one count of exhibiting a deadly weapon in a rude, angry and threatening manner. Under the Second Offender Act the court assessed his punishment at life imprisonment on each of the two counts of murder, and twenty-five years imprisonment on each count of robbery, to run consecutively, and five years imprisonment on the deadly weapon charge, to run concurrently.

From the evidence, a jury could have found that on January 23, 1975, defendant entered Boyer's Food Shop located in the City of St. Louis and robbed the manager of the store, Christopher Aiello, in the amount of $100.00 to $110.00; that defend-

ant killed Jimmy Skaggs and Christopher Aiello; that Ralph Burton came into the store after defendant had shot Skaggs and Aiello and defendant then robbed Burton of his billfold and its contents; and that shortly thereafter immediately before his apprehension he pulled a gun on an officer.

Burton gave police a description of the assailant. The defendant, fitting the description, was observed walking several blocks from the store. A brown bag containing $106.00 in currency, as well as the wallets of Skaggs and Burton, were found on his person. Defendant was taken to Burton who identified him as the man who had robbed him earlier. Defendant confessed to the crime. An expert testified the bullets taken from the victims' bodies were fired from the gun defendant brandished in the presence of the officer. Samples taken from defendant's hands disclosed that he had handled and discharged a gun that morning.

The defendant contends that the trial court erred in refusing to allow him to call his mother, Rosetta Hardin, as a witness. Under Supreme Court Rules 25.31, 25.34, 25.36, and 25.37, the State requested that the defendant disclose: "The names and last known addresses of persons, other than defendant, who defendant intends to call as witnesses at any hearing or at the trial, together with their written or recorded statements, and existing memoranda reporting or summarizing part or all of their oral statements; . . . ." The defendant indicated that he would be the only witness for the defense. At the beginning of the trial, the parties agreed that all witnesses except defendant should be excluded from the courtroom.

After the State informed the court that it had closed its case, but before doing so on the record, defense counsel asked the court for leave to call two witnesses. The attorney said defendant had just informed him that he wanted to use these witnesses. He said that he would like to develop for the court evidence as to when this information became available to defendant. One witness was Calvin Lonzo and one was defend-

ant's mother. Out of the presence of the jury, Lonzo and defendant testified that although they had been in the same cell on the day of defendant's arrest, they had not seen each other nor had they known the other's name until this date. Defendant contended that his confession was not voluntary and that he had confessed under force of beatings by the officers. Lonzo's testimony indicated that defendant appeared to have sustained recent injuries on being brought to the cell. No offer of proof was made as to the proposed testimony of the defendant's mother.

The court permitted Lonzo to testify but denied defendant's request to call his mother on two grounds: (1) that she had not been disclosed in accordance with Rule 25.-34; and (2) that she had sat in the courtroom during the trial in violation of the exclusionary rule.

In *State v. Burton,* 544 S.W.2d 60 (Mo. App.1976), defendant attempted to call his mother as a witness on the second day of the trial. The State objected on the grounds that defendant had not disclosed her as a witness. The court refused to permit her testimony. On appeal the court held, "Defendant's failure to disclose Mrs. Burton in the course of his 'complete disclosure' was a failure to comply with Rule 25.34(A)(2), V.A.M.R., requiring a defendant to disclose all persons whom defendant intends to call as witnesses." *Id.* at 63.

In *Burton,* defense counsel conceded that he had been aware before trial that Mrs. Burton was a possible witness. The defendant here attempts to distinguish the circumstances in *Burton* from those in this case by arguing that he had not intended to call his mother as a witness originally and had notified the State as soon as he decided to call her to the stand.

Determination of compliance with the disclosure rule cannot be based upon a party's subjective intent. No offer of proof was made and the trial court had no information before it regarding the nature of

1. The proposed testimony as stated in defendant's brief concerned matters his mother had known before trial. There is no suggestion in

the undisclosed witness' proposed testimony or what circumstances had arisen to require the testimony.[1] Supreme Court Rule 25.45 vests the trial court with discretion in respect to the sanction to impose upon a party's failure to comply with the discovery rules. In the circumstances shown here, we find there was no fundamental unfairness to the defendant and no abuse of the court's discretion in this matter.

It is unnecessary to determine whether violation of the exclusionary rule justified the court's prohibiting the testimony of defendant's mother. There was no suggestion of impropriety on the part of the defense attorney, and ordinarily under such circumstances a violation of the exclusionary rule does not disqualify a witness. *State v. Shay,* 339 S.W.2d 799, 802 (Mo.1960). Certainly with no offer of proof having been made, the court might well have been justified in preventing her testimony. See *State v. Neria,* 526 S.W.2d 396, 399 (Mo. App.1975).

■ Defendant next contends the court committed plain error in permitting the prosecutor to cross-examine defendant about the length of time he had served in prison. On direct examination defense counsel asked defendant of what crime he had been convicted. Defendant responded, "Robbing in 1972 with a DDW." Counsel then asked, "How long did you spend there (Missouri State Penitentiary)?" Answer, "I came home December 16, 1974."

On cross-examination, the State elicited the following responses from defendant:

"Q. [by Mr. Moss] As I understand it, Mr. Ellis, you have been convicted twice of armed robbery.

A. Yes, I have.

Q. And what else have you been convicted of?

A. As younger or grown or as a grown-up?

Q. When did you go to the penitentiary before?

the brief that any of the State's testimony surprised the defendant.

A. Here in Missouri?

Q. No.

A. I went to the penitentiary, my first time going to the penitentiary was in '60—I believe '68.

Q. What for?

A. Auto theft and burglary and escape.

Q. How much time did you get?

A. Five years, three to five years.

Q. How much time did you get the last time you were sent up?

A. Five years."

Defendant neither objected to the State's questions nor raised the point in his motion for a new trial. The point has not been preserved for appellate review. *State v. Maxwell,* 465 S.W.2d 562, 563 (Mo.1971). However, defendant asks that we consider it under the Plain Error Rule. Invocation of Rule 27.20(c) is to be done on a case-by-case basis to avoid "manifest injustice or miscarriage of justice." *State v. Wendell,* 542 S.W.2d 339, 343 (Mo.App.1976).

In this case, the defendant opened up the matter of punishment during direct examination in which defendant revealed how much time he had served on a prior conviction. Since defendant testified as to the time served on this prior conviction, the State should have been allowed to ask the length of sentence he actually received.

Defendant did not voluntarily disclose all of his prior convictions. On cross-examination, the State properly asked what other convictions he had received, and when he responded, the State asked the length of sentences for these convictions. We cannot say the State's questioning on the issue of punishment for those convictions disclosed on cross-examination was improper in view of the fact that the matter of punishment initially was raised on direct examination. We find no "manifest injustice".

The testimony indicates strong evidence of guilt, and when guilt is established by overwhelming evidence no injustice or miscarriage of justice will result from refusal to invoke the plain error rule. *State v. Hurtt,* 509 S.W.2d 14, 15 (Mo.1974).

We also decline to invoke the plain error rule as to defendant's complaints about the State's closing argument. He claims that the court committed plain error in permitting the prosecution in closing argument to state that "defendant's 'mentality' was that of one who 'gets even' with witnesses; that the defendant was a 'liar'; and that defendant was an 'admitted junkie' ". Again the defendant did not object to the statements at trial and did not raise the issue in his motion for a new trial. As stated in *State v. Henderson,* 530 S.W.2d 382, 384 (Mo.App.1975), "When a defendant offers himself as a witness in his own behalf his testimony is subject to the same arguments on the issue of credibility as is any other witness."

We have considered the argument in the light of the evidence presented and we conclude that the remarks do not meet the test of plain error. *State v. Hill,* 539 S.W.2d 521, 530 (Mo.App.1976).

Judgment affirmed.

STEWART, P. J., and STEPHAN, J., concur.